### B. E. Crowder v. The State.

No. 3563. Decided June 2, 1915.

**1.—Arson—Indictment—Consent—Defensive Issue.**

Where, upon trial of arson, the indictment sufficiently and fully charged the offense of arson, as defined by article 1200 of the Penal Code, the same was sufficient and the State could introduce evidence thereunder; that although the owner of the house gave consent to burn it, the apparent danger by reason of said burning endangered the building of other houses, etc., and the consent of the owner was defensive matter. Davidson, Judge, dissenting.

**2.—Same—Evidence—Insurance Policy—Oral Testimony.**

Where the contention of the State was that a conspiracy existed between defendant and the owner of the house alleged to have been burned by the defendant to burn same, and that said house carried insurance and was burned with the consent of the owner to obtain the insurance thereon, the best evidence that the house was insured was the policy of insurance, and this being within the jurisdiction of the court, should have been procured, and it was reversible error to admit oral testimony of the contents of such policy.

**3.—Same—Remarks by Court.**

Upon trial of arson, it was improper by the court to remark in ruling on evidence that the objections of counsel was a by-play of the attorneys, etc.

**4.—Same—Statutes Construed—Defensive Matter—Consent.**

While it is true under article 1207, Penal Code, the owner of a house may destroy it by fire, etc., without incurring the penalty of the law; yet, under

article 1208, Penal Code, he can not do so when the house is insured or when he endangers thereby his neighbor's property as an incident to burning his own house, and he must bring himself within the statutory exceptions by way of defense, and when the State establishes the fact that defendant had caused fire to be set to said house, the case is made out by the State, and unless he shows matters of defense, he is guilty of a violation of the law.

Appeal from the District Court of Grayson. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of argument of counsel: Cornell v. McNett, 67 N. W. Rep., 344; Chattanooga Ry. Co. v. Parmer, 15 S. E. Rep., 34.

DAVIDSON, JUDGE.—The indictment, omitting formal parts, recites that appellant "in the county and State aforesaid, did unlawfully and wilfully and fraudulently set fire to and burn the house of G. E. Gregory, there situate." It is contended in various ways that the case can not be sustained on the indictment nor under the facts. Without taking up the matters seriatim but treating the subject generally, the State's theory of the case was that Gregory owned a house in the town of Tombean, and employed Giles, a witness who turned State's evidence, and appellant to burn that house. That this conspiracy and agreement was entered into in Sherman. That Giles and appellant went to Tombean at night and burned the house or set it on fire. There was a small burned place in one of the rooms. For this service on the part of Giles and appellant they were to get fifteen dollars. The theory of the State was further that Gregory carried insurance on the house, and that the burning was for the purpose of Gregory securing the insurance. It is also the contention of the State that the house was situated with reference to other houses so that it was possible for some of them to have caught fire had Gregory's house burned. This is a sufficient statement of the case to bring in review both law and facts.

It is not a violation of the law in Texas for an owner to burn his own house, except where it would affect others, either an insurer or burn his neighbor's property as an incident to burning his own house. There is no question of the fact or the law that if Gregory had been charged with burning the house, being the owner, the indictment to be valid must allege that the house was insured, or that it might burn his neighbor's houses. In other words, the owner must be brought within the statutory exceptions. If Gregory would not be legally responsible under the statute of arson for burning his house, then appellant or Giles would not be criminally liable. Their guilt depended upon the guilt of the owner of the house, and if it was necessary in order to constitute

Gregory criminally responsible, it would be necessary also to show that his confederates were guilty, they doing the actual burning. The State's theory, as before stated, was a conspiracy between Gregory, the owner of the house, and Giles and appellant to burn the house that Gregory might obtain the benefit of the insurance, for which he was to pay appellant and Giles fifteen dollars. If Gregory had a right to burn his house personally, he would have the same. right through any other person. They were but the agents of Gregory, and the same facts which would make Gregory responsible criminally would be necessary to make them responsible. If Gregory was innocent, appellant could not be guilty, because they were but aiding him by burning the insured house. Appellant raised these questions as to the facts against the indictment in the motion for new trial, and exceptions to charges. The court admitted testimony against appellant in these matters and charged the jury that if appellant burned the house, or set fire to it, from the standpoint of its being insured, or that it would injure contiguous property, they would convict. Exceptions were urged to this, among other things, upon the ground that there was no allegation in the indictment authorizing such charge or instruction. We believe these contentions to be sound. Whatever was necessary to be proved was necessary to be alleged, and the State could not obtain a conviction against appellant in this case except it was shown that Gregory's house was insured. The evidence is uncontroverted that he had Gregory's consent to burn the house; not only so, but the State's theory was that he was the employee of Gregory to do that very thing. If Gregory had been tried for it, it would have been obligatory and imperative that the State should plead the fact that he burned the house for some one of the purposes mentioned in the statute, otherwise he would not be guilty. It seems that Gregory was not present at the burning, but the State's theory was that Giles and appellant were acting together as his agents. The house was not in fact burned, but fire was set to it and there was some burning in one of the rooms which would tend to show that the burning was sufficient under the statute. The fact that the house was insured being an essential element of the offense, it was necessary to allege it, and, of course, being an essential element, could not be omitted from the indictment. From this viewpoint the indictment is insufficient. Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W. Rep., 122; Baker v. State, 25 Texas Crim. App., 1.

A bill of exceptions was reserved to the testimony of Dr. Jackson while on the stand as a witness for the State. He was asked the question whether or not the house was insured at the time of the alleged arson, and was permitted to testify over various and sundry objections, as follows: "I saw the policy and knew the house was insured." The court qualifies this bill with the following statement: "Given with this qualification: the witness Dr. Jackson stated that he knew the house was insured, that he had the insurance policy in his possession, that it was placed with him by G. A. Gregory to secure a debt due from Gregory to witness." Among the objections urged was that the testi-

mony was irrelevant and immaterial to any issue in the case, there being no allegation in the indictment that said house was insured; that said testimony was a variance from the indictment, and did not correspond with same, and was prejudicial to the rights of the defendant. The answer sought was hearsay, and if the house was insured, the policy would be the best evidence. Resort to secondary evidence was not permissible, there being nothing to show that the policy was lost or mislaid. The insurance policy was not introduced in evidence. We are of opinion that these objections were well taken. Where the intent is to injure or defraud an insurance company, the corporate existence of the company must be proved. But it has been held that proof of de facto organization is sufficient if the case is one of public prosecution in which the insurer is not a party, and into which it is merely collaterally introduced. This record, it will be observed, does not even undertake to show that there was any corporation of any sort; it does not even undertake to introduce the policy of insurance. Dr. Jackson's testimony does not meet the issue, and from that viewpoint the testimony was inadmissible. Again, "it has been held that the proof as to insurance should be by the policy as the best evidence unless some reason for not producing it is shown. But if the policy can not be produced, its contents may be proved by parol." The authorities upon this proposition are numerous, and will be found collated in vol. 5 of Am. & Eng. Ency. of Law and Practice, on page 638 in footnotes. The question was raised that Dr. Jackson's testimony was not admissible, and the judge's qualification makes it apparently certain that Dr. Jackson had the policy of insurance in his possession, where he says Gregory placed it as security for a debt due from Gregory to him, Jackson. So there was no question of the fact that the policy could be produced. There was no affidavit of its loss or that it was beyond the reach of the process of the court. The production of the policy might have brought many questions from the face of it, but it was not produced; it was the best evidence; the objections were urged and overruled, and we think erroneously. Moore v. State, 66 Texas Crim. Rep., 169, 146 S. W. Rep., 183.

There is another bill of exceptions reserved to the admission of testimony that there were contiguous houses to the one alleged to have been burned. This was raised in the first proposition discussed. There was no allegation in the indictment to bring it within the statutory rule. If an indictment is properly framed, covering this question, such testimony might become relevant or admissible, but not under this indictment.

Another bill recites that while Ancel Barker was testifying for the State he said: "I remember the occasion of the burning of the house at Tombean. The only conversation I had with the defendant he came to the livery barn and said he wanted a horse and buggy. I never saw the large man until I saw him in jail. I do not know whether it was a stocking-leg horse or not; my information was that the horse came from Tombean country." This is a quotation from the bill of excep-

tions. The bill further recites that defendant got the horse and buggy; that was the night on which the defendant is charged with arson. Thereafter the defendant offered in evidence five indictments pending in the District Court charging the witness with various felonies, and offered in evidence a judgment of conviction against the witness on a felony charge, which judgment had not been appealed from. Said judgment suspended the sentence of said witness. Defendant offered said indictments and judgment for the purpose of affecting the credibility of the witness, he having given damaging testimony against the defendant. Whereupon the court said in the presence and hearing of the jury: "Gentlemen, you will not consider the by-play of defendant's lawyer," the defendant objected to the remarks of the court, whereupon the court remarked: "Gentlemen, you will not consider the remarks made by the court, but if you can think of a more appropriate name for it do so." Various objections were urged to these remarks of the court. We are of opinion that the remarks of the court were inappropriate; the testimony was legitimate as an attack on the standing of the witness, except the judgment which was suspended, and should have gone to the jury for their unbiased consideration. The remarks of the court would seem to indicate, by using the words "by-play of defendant's lawyer," and the further remarks in withdrawing his remarks, "but if you can think of a more appropriate name for it do so," to the jury that the lawyer was indulging in the introduction of testimony that was worthless or of no service or value, and we think within the inhibition of the statute.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE, and HARPER, JUDGE (dissenting and partly concurring).—We concur in the reversal of the case on account of the error in admitting the testimony of Dr. Jackson. We agree that the best evidence that the house was insured was the policy of insurance, and this being within the jurisdiction of the court, it should have been produced, and oral evidence of the contents of such policy not admitted. It was also improper for the court to make the remarks shown in the bill of exceptions to have been made and discussed in the opinion. But we do not concur in the remainder of the opinion. The indictment alleged: "On the 9th day of September, A. D. 1914, B. E. Crowder, in the County of Grayson and State of Texas, did unlawfully and wilfully and fraudulently set fire to and burn the house of G. E. Gregory there situate," etc. This indictment specifically and fully charged the offense of arson as defined by article 1200 of the Penal Code. And when the State introduced evidence that appellant had set fire to and burned the residence of G. E. Gregory it made a case. It is true that article 1207 provides that "the owner of a house may destroy it by fire or explosion without incurring the penalty of arson except in the cases mentioned in article 1208." And this article provides that the owner

may not burn his house when it is situate within a town or city, or when it is insured, or when there is within it any property belonging to‸ another, or when there is apparent danger by reason of the burning thereof that the life or person of some individual, or the safety of some house belonging to another will be endangered; the owner, if he does burn the same, is guilty of arson.

Now, when the State introduced proof that appellant set fire to and burned the house of Gregory, and appellant relied on the fact that he had the consent of ⸱Gregory to burn the house, this would be a matter of defense to be shown by the testimony adduced.　And if such a defense was raised by the testimony, then it would be permissible for the State to show that such consent was no defense, by showing that he knew the house was insured when he burned it, and did so at the instigation of the owner.　This would be admissible in rebuttal of the defense that he had the consent of the owner.　The owner, under such circumstances, would have no authority to give consent, for if he burned it under such circumstances, he, the owner, would be guilty of arson.　The indictment charges the offense; the testimony adduced on this issue 'was properly admitted in evidence, and but for the grounds first herein stated, the judgment should be affirmed.