[Crim. No. 455.  Third Appellate District.—October 23, 1918.]

## THE PEOPLE, Respondent, v. SOLOMON ROSE, Appellant.

CRIMINAL LAW—BURNING INSURED PROPERTY—INTENT TO DEFRAUD.—
In a prosecution under section 548 of the Penal Code for the crime
of willfully burning insured property, intent to defraud the insurer
is of the essence of the crime, and no such intent could exist with-
out knowledge on the part of the insured that the property was
insured.

ID.—EVIDENCE—KNOWLEDGE OF DEFENDANT.—In this prosecution for
burning insured property with intent to defraud the insurer, the evi-
dence is examined and found sufficient to fix the burning of the
property on the defendant and to warrant the inference that he
knew of the existence of the insurance policies.

ID.—MISCONDUCT OF COUNSEL — REMARKS IN CLOSING ARGUMENT —
PREJUDICE NOT SHOWN.—Prejudicial error cannot be predicated on
statements of the district attorney in his closing argument, where
the objectionable remarks are not set forth, and especially where the
court promptly, on defendant's request, admonished the jury to pay
no heed to the remarks.

APPEAL from a judgment of the Superior Court of Cala-
veras County, and from an order denying a new trial.   J. A.
Smith, Judge.

The facts are stated in the opinion of the court.

G. C. Ringolsky, H. J. Welch, and Will A. Dower, for
Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy
Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was informed against, by
the district attorney of Calaveras County, for the crime of
willfully burning insured property with intent to defraud
the insurer.   He was duly tried and convicted and was there-
upon sentenced to imprisonment in the state prison in con-
formity with the statute relating to indeterminate sentences.

He appeals from the judgment and from the order denying his motion for a new trial.

The points made on appeal are: 1. That the evidence is insufficient to support the verdict of guilty; 2. Misconduct of the prosecuting attorney.

The alleged insufficiency of the evidence is addressed specifically to the failure of the prosecution to show that defendant knew the buildings and other property destroyed by fire were insured. It is urged that, under section 548 of the Penal Code, "the motive is an essential portion of the crime, and must, therefore, be expressly proven by the prosecution." (Citing *People* v. *Schwartz*, 32 Cal. 160, 165.) It is hence urged that the prosecution must prove that the defendant had actual knowledge that the property was insured. (Citing *Moore* v. *State*, 66 Tex. Cr. 169, [146 S. W. 183]; *State* v. *Greer*, 243 Mo. 599, [Ann. Cas. 1913C, 1163, 147 S. W. 968].)

Obviously, the intent to defraud the insurance company is of the essence of the crime, and no such intent could exist without knowledge on the part of the accused that the property was insured. We are asked to read the record carefully, for it is claimed that "the record on this very important element of the offense charged is silent."

Witness John Cosgrave, sheriff of Calaveras County, testified that defendant came to his house about 10 o'clock on the night of December 16, 1917, and informed him that his house and all his belongings had that day been burned. The witness narrated a conversation he had with the defendant at that time. He testified: "I asked him if the place was insured; he says, 'I think my wife had a little insurance.' I asked him how much; he said he did not know. Then he talked considerable what his losses were." Sheriff Cosgrave met defendant and his wife at the premises the next day: "Q. Did Mrs. Rose make any statement? A. I asked about the insurance and she seemed to be very reluctant about telling. I asked if there was fifteen hundred, and he said they told maybe there was, and then I told him I would have to arrest him . . . and I brought him into town and made the charge and the judge fixed the bail." The title to the property was in defendant's wife.

It appeared that there were two insurance policies issued and in force at the time the fire occurred—one for two thou-

sand dollars and one for five hundred dollars—covering two buildings, the household effects and farming implements—substantially all the improvements on the place and all the personal property. The evidence of defendant's guilt was circumstantial, but was, we think, sufficient to fix the burning of this property upon him. There is no conceivable motive for his destroying this property by fire unless it was that his wife should realize on her insurance policies, and the circumstances, aside from his admission to Sheriff Cosgrave, warranted the inference that he knew of the existence of these policies. There was no evidence tending in any degree to indicate that some evil-disposed person other than defendant set fire to the property.

Defendant's counsel say that "the court expressly refused to permit the defendant to show that he did not know there was any insurance upon the place." Attention is called to pages 177 and 178 of the transcript. It appears that Mrs. Rose received a letter, dated November 10, 1917, written by William Adams, informing her that she had not sent him the insurance premium on policy "taken out last June." Mrs. Rose testified that this letter was opened by Mr. Rose, who handed it to her. She was then asked "what conversation was had" between her and her husband. The court sustained an objection to the question. Counsel for defendant then asked that the jury be excused and he allowed to renew the question. The witness was again asked to state what was said in that conversation "with reference to keeping that policy in force." The objection was renewed. "Mr. Ringolsky (one of defendant's attorneys) : My purpose is that it goes to a motive, a lack of motive for the crime that is alleged to be committed. Mr. Keetch (assistant to district attorney) : Let's argue it out, then. By the court, the jury is excused, after being admonished, and leave the room until called back. . . . Stipulated that the jury are all present." And there the record ends. No ruling appears and no explanation by defendant's counsel as to what he expected to prove or what its bearing would have on the issues. There is no showing that the court was advised of the facts or matters on which defendant relied to establish motive or tend to destroy the showing as to motive. The record presents no ground for holding that the court erred.

The remaining ground for reversal is alleged misconduct of the assistant district attorney in making his closing argument. At page 216 of the transcript appears an objection "to the statements of counsel with reference to the history and previous record of the defendant." What the objectionable remarks were is not set forth, but defendant's attorney asked that the court "instruct the jury to refrain from [paying attention to?] certain remarks of that character made by the prosecuting attorney. . . . The Court: The jury will refrain from paying any attention to the remarks of counsel as far as that was concerned."

The objectionable remarks of Mr. Keetch were not taken down by the court reporter, and, after the transcript was certified, a motion was made to amend by inserting at page 216 the remarks referred to. The matter was heard and counsel for the parties respectively stated what their recollection was of these remarks. "The Court: My recollection may not be any better than the counsel's for the respective parties, but my recollection of the matter was that Mr. Keetch remarked 'the person who set the fire was experienced in setting fires,' and then he was interrupted by Mr. Ringolsky and asked why he did not produce the defendant's record here, and the statement was 'that he had no right to introduce the record in this case, but if given an opportunity he would do so.' That is the conversation as I recall it." We must accept the version as given by the court, as it is the only one that comes to us authenticated. The statement made that whoever set the fire was experienced, had some basis in the evidence. Some neighbors, who came to the place while the dwelling was burning, found a burning candle placed in a sack saturated with coal-oil in the barn and in a position which would have caused the barn to burn in a short time. Some hours later in the day, while defendant was at the place, the barn burned. He could give no satisfactory explanation how it happened. The suggestion that Attorney Keetch meant to apply his remarks to defendant was made by defendant's attorney when he asked Mr. Keetch why he did not produce defendant's record. The remarks first above quoted do not on their face necessarily give rise to the inference that they were pointed to defendant. We do not think the episode in any view can warrant a reversal of the judgment, especially as the court very promptly, on defendant's request, ad-

monished the jury to pay no heed to it or to the remarks of counsel.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 19, 1918.