## RUTHERFORD COUNTEE v. THE STATE.

No. 14463.   Delivered November 18, 1931.
Rehearing Denied January 6, 1932.

The opinion states the case.

*B. L. Palmer* and *H. J. Bernard,* both of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for operating a pool hall; punishment, a fine of $25.

Appellant was charged by information with operating and maintaining a pool hall in a building situated in Harris county, Texas, same being described as a hall, room and building in which he did then and there exhibit pool tables for hire, revenue and monetary gain. The trial was before the court, a jury being waived. The punishment was the minimum fine.

That appellant was engaged in running a hall where pool tables were kept and exhibited, and upon which the game of pool was then and there played, was not controverted, it being contended, on behalf of the defense, that the pool tables were adjunct to and part of the operation of a club which was chartered for the purpose of maintaining a library, and the promotion of literary and musical advancement of the members, and that no fees were paid by those who played pool on said tables.

Article 653, P. C., penalizes any person who operates or maintains a pool hall. Said article was section 2 of chapter 14, General Laws of 1919. The first section of said chapter is now article 4668 of our Revised Civil Statutes of 1925, wherein appears a statutory definition of a "pool hall". It is there said: "The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billiard table or stand or structure or any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain."

This definition is quoted in full because there seems to be in the mind of appellant and those representing him the idea that if he could successfully combat the proposition that money was paid by the players for the playing of games of pool in the hall in question, appellant would be entitled to an acquittal. On this point, in view of the testimony of appellant's witnesses substantially to the effect that in the same place where the pool tables in question were kept and exhibited by appellant, and played on by the patrons of said place,—there was also run by him as part of the same business, a cold drink stand, a cigar counter and a restaurant,—we think it unnecessary to discuss or set out at length the testimony heard on the trial of this case relative to the payment of money as fees for playing pool on said tables, or the attempt of the officer, who was a witness, to retract, on the hearing of the motion for new trial,

his testimony as to the applicability thereof to appellant's place of business.

Our statute specifically saying that when pool tables are used or exhibited in connection with any place where anything of value is sold or given away, * * * it shall be regarded as a place where is exhibited the same for hire, revenue or gain, and the facts of this case without dispute establishing that the place run by appellant, on the occasion in question, was such place, there is no room or need for further discussion on this point.

Appellant's witnesses having given the same testimony as to the keeping of the pool tables in connection with and in the same place and as an adjunct to the restaurant, cigar counter and cold drink stand, in the place mentioned, the objection preserved by bill of exception No. 1 in effect that the officers who entered appellant's place, had no search warrant, appears without avail to appellant under the authorities. As stated above, appellant was given the minimum penalty. Bonilla v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248; Gonzales v. State, 108 Texas Crim. Rep., 253, 299 S. W., 901; Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W., 943; Scharff v. State, 99 Texas Crim. Rep., 605, 271 S. W., 83.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing appears complaint that because of some suggestion of a member of this court during the original submission appellant's counsel was deprived of the opportunity to argue and present authorities on the proposition that the evidence of the officers should not have been received because they were without a search warrant at the time they entered the place where the pool tables were being operated. So far as this question is concerned it would be immaterial under the facts of this case whether the place entered was a private club or a private residence. Regardlss of the officers' testimony, that of appellant and his witnesses is thought to make out a complete case. It has been repeatedly held that even where evidence is erroneously received, if the same evidence from other sources goes into the record without objection the error in the first instance is unavailing; in other words, that illegally obtained evidence does not call for reversal where other testimony to the same effect goes into the case without objection. See McLaughlin v, State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; in which many early cases are cited, and following Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169. Some of the later cases are Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Flower v. State, 113 Texas Crim. Rep., 69, 18 S. W. (2d) 659, in which

many other cases are collated. Montgomery v. State, 115 Texas Crim. Rep., 469, 31 S. W. (2d) 440.

The motion for rehearing is overruled.

*Overruled.*