No error appearing, the judgment will be affirmed.

## On Motion for Rehearing.

HAWKINS, J.

In the motion for rehearing appears complaint that, because of some suggestion of a member of this court during the original submission, appellant's counsel was deprived of the opportunity to argue and present authorities on the proposition that the evidence of the officers should not have been received because they were without a search warrant at the time they entered the place where the pool tables were being operated. So far as this question is concerned, it would be immaterial under the facts of this case whether the place entered was a private club or a private residence. Regardless of the officers' testimony, that of appellant and his witnesses is thought to make out a complete case. It has been repeatedly held that, even where evidence is erroneously received, if the same evidence from other sources goes into the record without objection, the error in the first instance is unavailing; in other words,

that illegally obtained evidence does not call for reversal, where other testimony to the same effect goes into the case without objection. See McLaughlin v. State, 109 Tex. Cr. R. 307, 4 S.W.(2d) 54, in which many early cases are cited, and following Wagner v. State, 53 Tex. Cr. R. 306, 109 S. W. 169. Some of the later cases are Machado v. State, 112 Tex. Cr. R. 538, 17 S.W.(2d) 1060; Flower v. State, 113 Tex. Cr. R. 69, 18 S.W.(2d) 659, in which many other cases are collated; Montgomery v. State, 115 Tex. Cr. R. 469, 31 S.W. (2d) 440.

The motion for rehearing is overruled.

## F. L. WALKER v. STATE.

### No. 14464.

Court of Criminal Appeals of Texas.

Nov. 18, 1931.

Rehearing Denied Jan. 6, 1932.

B. L. Palmer and H. J. Bernard, both of Houston, for appellant.

O'Brien Stevens, Cr. Dist. Atty., and E. T. Branch, both of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for operating a pool hall; punishment, a fine of $25.

This is a companion case to Countee v. State, 44 S.W.(2d) 994, opinion this day handed down, and appears to have been submitted on identically the same questions and the same facts; hence it is not necessary to do more than to say that for the reasons advanced in the case last above referred to the judgment herein will be affirmed.

## On Motion for Rehearing.

HAWKINS, J.

The same question is presented in the motion for rehearing as is found in the motion for rehearing in the companion case, Rutherford Countee v. State, 44 S.W.(2d) 994. The same reasons which impelled the overruling of the motion in that case are controlling here.

The motion for rehearing is overruled.