## JOHN ALLEN V. THE STATE.

No. 15319.   Delivered October 12, 1932.
Reported in 53 S. W. (2d) 481.

.The opinion states the case.

*Max Coleman,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for maintaining and operating a pool hall; punishment, a fine of forty dollars.

This case is here without an approved statement of facts in the record. The trial was had in the court below on January 6, 1932, and notice of appeal was then given. Affidavits are before us from appellant's attorney, also the county judge and the county attorney who tried the case, bearing on the question as to whether appellant had been deprived of a statement of facts, and suggesting that a statement of facts signed and sworn to as correct by appellant's attorney, and filed by him with the county clerk within ninety days after notice of appeal, should be by us considered herein.

Without going into the matter set out in the affidavits, which would needlessly extend this opinion, we call attention to the fact that, while subdivision 1 of article 2240, Rev. Civ. Stats., 1925, applicable at least in misdemeanor cases, indicates

what should be the course of a trial judge when attorneys for the several parties do not agree as to a statement of facts, and separate statements of facts are presented to him signed by opposing counsel, still, inasmuch as it would be intolerable that the party appealing could be compelled to take his case up without a statement of facts because forsooth the trial judge had refused to prepare one for no other reason than that the attorney for the other side had refused to agree to or to sign and file with the trial court his statement of facts, in order to take care of such situation our lawmakers wrote in subdivision 2 of said article 2240, in substance, that the trial judge in a case where there was no stenographer must himself prepare and file a statement of facts when the party appealing has, within the time allowed for same to be filed and within fifteen days after adjournment of court, presented to such judge a statement of facts wherein he certifies over his signature that to the best of his knowledge and belief same is a full and fair statement of the facts proved on the trial, and that the state's attorney refuses to agree to such statement of facts.

A statement of facts signed by appellant's attorney and sworn to by him before the clerk of the trial court was filed in the court below on April 2, 1932. The date of the jurat to this statement of facts is February 19, 1932, and same certifies over the, signature of appellant's attorney that it is a full and fair statement of all the facts proved on the trial to the best of his knowledge and belief, and that the state's attorney declined to agree to same. Of this statement of facts, on April 2d, appellant's said attorney made and filed an affidavit, the last paragraph of which is as follows: "And affiant certifies that the statement of facts submitted to the county attorney and the county judge in this cause, and now on file in said cause, signed by him, is, to the best of his knowledge and belief, a full and fair statement of all the facts proved on the trial of said cause, and said statement of facts was so certified to by defendant's attorney when submitted to the court for approval, correction or refusal."

We find in the record that on March 4, 1932, the trial court made an extension order which was carried into the minutes of his court, in which he certified that appellant's attorney had submitted to both the county judge and the county attorney for approval or correction a statement of facts in the above case, and, "It being no fault of the defendant or defendant's attorney" the extension was granted. It is true that in what is called a "supplemental transcript" appears the affidavit of

the county judge certifying that appellant's attorney did, within the time for filing, present to him a statement of facts, a copy of which is attached to the affidavit. The learned trial judge, from the statement in his affidavit, seems of opinion that he had a right to refuse to prepare and file a statement of facts herein unless both appellant's attorney and the state's attorney had brought to him their separate statement of facts signed by them respectively. We think this not in accordance with the provisions of subdivision 2 of article 2240, supra.

In any event as we view the statement of facts signed and sworn to by appellant's attorney and that which the trial judge certifies was presented to him by appellant's attorney, their material facts are in substance the same, and our conclusion is that appellant appears to have made sufficient effort to have same approved and filed, and we have concluded that under the facts here same should be considered. We might under other facts reverse because the accused had been deprived of a statement of facts.

From said statement of facts it appears that appellant had a two-story house, in the lower part of which he ran a restaurant, the upper part being one large room which contained a pool table and other table for playing games. Of this place appellant said he organized the "Working Man's Recreation Club of Slaton," and let them use this upstairs room. He said *he* had articles and by-laws drawn up, and was asked to "Have it put in my name, be the manager and run the thing." Testifying he said: "I will read *my* by-laws to you." Looking to said by-laws as they appear in the statement of facts we note that same state: "Know all men by these presents that I, John Allen * * * do hereby form a club * * * for the purpose of providing * * * a place where they can congregate," etc. The place of business of the club "On the property owned or controlled by John Allen." The life of the club, "One year, and may be discontinued or renewed 'At the option of John Allen.'" Membership of the club, any one who had paid membership and held a card "Issued by John Allen." The business of the club to be "Directed by John Allen, sole owner." These articles were sworn to by John Allen alone. Without levity it might be remarked that, while appellant's local sobriquet is shown by the record to be "Iron Jaw," it might appropriately be "Kingfish." Appellant further swore that "We turn what money we have collected back to the club" (John Allen).

Under these facts the court charged the jury the exact statutory definition of a pool hall which is found in article

4468, Rev. Civ. Stats, 1925, and told them that, if they believed beyond a reasonable doubt that appellant operated such pool hall, to find him guilty, otherwise to acquit him, and specifically told them that it would not be a violation of law for one to own or possess a pool table, unless the jury found beyond a reasonable doubt that same was used for hire, revenue, fees or gain, or for advertising purposes. Under this charge and these facts the jury found appellant guilty, and we deem same to justify the verdict. Countee v. State, 119 Texas Crim. Rep., 131, 44 S. W. (2d) 994. We do not think appellant could justify his failure to prepare and bring forward bills of exception upon the ground that his statement of facts was not approved by the trial court. Most of the exceptions noted in his affidavit certainly would need no bills of exception to make them available if presented.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*