## John Railey v. The State.

No. 16307.   Delivered December 13, 1933.
Rehearing Denied February 7, 1934.
Reported in 67 S. W. (2d) 607.

The opinion states the case.

*V. A. Barroco* and *C. F. Stevens,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is robbery; the punishment, confinement in the penitentiary for fifteen years.

F. C. Strickland, the injured party, testified, in substance,

as follows: He was walking down a street in the city of Houston when someone approached him and took hold of his arm. Another man immediately appeared on the scene. Exhibiting pistols, his assailants forced him to walk between two buildings, where they took from his possession sixty-five dollars in money. One of his assailants was a "red complexioned fellow." He was not as tall as appellant. There was a light shining near the building which enabled him to get a good look at appellant. He was positive that appellant was one of his assailants.

Within two hours after the robbery appellant was arrested as he was riding in his automobile with one "Red" Meadows. The arrest occurred near the scene of the robbery. "Red" Meadows, in resisting arrest, fired on the officers and was shot and killed by them.

Appellant did not testify in his own behalf, but introduced witnesses whose testimony raised the issue of an alibi.

Several bills of exception relate to appellant's objection to the testimony of the arresting officers to the effect that, while they were attempting to arrest appellant and "Red" Meadows, "Red" Meadows resisted arrest and was killed by the officers. We deem it unnecessary to determine whether appellant's objection to this testimony was well taken. In an effort to establish an alibi, appellant elicited from his witness Ted Walters substantially the same facts the officers testified to. It has been repeatedly held that, even where evidence is erroneously received, if the same evidence from other sources goes into the record without objection, the error in the first instance is unavailing. Countee v. State, 44 S. W. (2d) 994, and authorities cited.

In his motion for a new trial, appellant set up newly discovered evidence, and attached the affidavits of the witnesses. The court's order overruling the motion for a new trial recites that evidence was heard. The evidence is not brought forward. It is the general rule that where the order of the court recites that the court heard evidence on the motion for a new trial, this court must presume that the court's action in overruling the motion was correct and that the trial court acted upon evidence that was sufficient to justify his action. Threadgill v. State, 61 S. W. (2d) 821; Rios v. State, 7 S. W. (2d) 535, and authorities cited.

Appellant contends that the evidence of identification was not sufficient. The injured party positively identified appellant as his assailant, saying that the light shining between the buildings enabled him to get a good look at him. He said that

appellant was not masked and that he could see his face. We deem the evidence sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our former opinion we cited Countee v. State, 119 Texas Crim. Rep., 131, 44 S. W. (2d) 994, which held that certain testimony being before the jury without objection,—objection to other similar testimony later admitted, obtained by officers who had no search warrant,—would not avail the accused. Appellant vigorously complains that this holds contrary to what was said by this court in Zimmer v. State, 64 Texas Crim. Rep., 117, and Moore v. State, 66 Texas Crim. Rep., 169. We have no desire to be captious. We can not tell from the opinion in Moore's case, supra, whether or not the testimony given by Pharr without objection, was identical in part with that given by Watts over objection. We observe that the testimony was not identical in toto, and our inference is that it must have been different in substance, for the court observes that the state having introduced the testimony of Watts erroneously, the accused had the right to introduce testimony to meet it. The holding in Zimmer's case, supra, seems opposed by many opinions, both before and after its rendition, many of which were handed down with the concurrence of the illustrious member of this court who wrote in the Zimmer case. See Love v. State, 68 Texas Crim. Rep., 228; Bailey v. State, 69 Texas Crim. Rep., 474; Christie v. State, 69 Texas Crim. Rep., 598; Tinker v. State, 77 Texas Crim. Rep., 509; Charles v. State, 85 Texas Crim. Rep., 534; McKinney v. State, 80 Texas Crim. Rep., 35. Also Wagner v. State, 53 Texas Crim. Rep., 306, and Rogers v. State, 26 Texas App., 404. In the opinion in the Rogers case Judge Willson says: "It is a sufficient answer to this supposed error to say that the ownership of Mary Gandy, of the house in question, is sufficiently established by other testimony adduced on the trial without objection on the part of the defendant." We note in Shepard's Texas Citations that this statement in the opinion in the Rogers case, supra, has been referred to with approval by many cases. See Koontz v. State, 92 Texas Crim. Rep., 20; Windham v. State, 93 Texas Crim. Rep., 480; Osborne v. State, 106 Texas Crim.

Rep., 315; Biggerstaff v. State, 108 Texas Crim. Rep., 635; Bryant v. State, 109 Texas Crim. Rep., 38; McLaughlin v. State, 109 Texas Crim. Rep., 308; Boney v. State, 110 Texas Crim. Rep., 373; Machado v. State, 112 Texas Crim. Rep., 540. We are satisfied upon mature consideration that the holding in these cases is correct.

The motion for rehearing will be overruled.

*Overruled.*