MILAM MURPHY v. THE STATE.

No. 16621.   Delivered May 9, 1934.
Rehearing Denied June 6, 1934.
Application for Third Writ of Certiorari Denied June 13, 1934.

478

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifteen years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed James S. Rollins by shooting him with a gun.

Appellant and deceased had been gambling on a marble machine. According to the testimony of appellant, a quarrel arose in which deceased called him a liar. The game terminated and the parties separated, but later met near the automobile of deceased. According to the testimony of witnesses for the State, deceased was cranking his automobile when appellant approached and engaged him in conversation. Without provoca-

tion appellant drew a pistol and shot deceased. Deceased backed away from appellant with the automobile crank in his hand, begging him not to shoot him again. Appellant fired two other shots, both of which took effect, and deceased fell, mortally wounded.

Appellant testified that deceased cursed him and told him he would beat his brains out with the automobile crank; that as deceased came toward him with the crank he shot deceased in the belief that he was in danger of suffering death or serious bodily injury. The testimony of several of appellant's witnesses supported the defensive theory.

We find in a supplemental transcript two bills of exception which appear to have been filed too late. The term at which appellant was tried was adjourned October 28, 1933. The motion for a new trial was overruled October 27, 1933, notice of appeal being given on the same date. In overruling the motion for new trial the court granted appellant fifty days from October 27, 1933, in which to file his bills of exception. The bills were not filed until January 19, 1934, which was 83 days after the adjournment of the trial term and 84 days after the date notice of appeal was given. Under the terms of article 760, C. C. P., without an order of extension, appellant was entitled to 30 days after the date of the adjournment of the court in which to file his bills of exception. The trial court had the power to extend the time as was done in the present case. However, no further extension order is found in the record. In the state of the record, this court is without authority to consider the bills of exception. McElreath v. State, 56 S. W. (2d) 462.

On the 29th of March, 1934, we granted appellant's application for writ of certiorari and ordered the clerk of the district court of Lamar County to prepare and transmit to this court a perfected transcript of the record in this cause. Appellant sought in his application to have embraced in the record bills of exception to the action of the trial court in qualifying the bills of exception found in the record. The answer of the clerk of the trial court shows that these bills of exception are not on file below, but are attached to and made a part of appellant's brief in this court. Appellant now presents a second application for writ of certiorari. It is unnecessary to determine whether this court has authority to consider the purported bills of exception attached to appellant's brief. As already stated, an examination of said purported bills discloses that they relate solely to appellant's exceptions to the qualifications appended to the bills of exception found in the record. None of said bills

relating to the qualification to the bills of exception is approved by the trial judge. Disclaiming any intention of holding that the exceptions to the qualifications are in condition to be considered, it has been pointed out that bills of exception in the record were filed too late and are not entitled to consideration, with or without the qualification of the trial judge. Hence it is immaterial whether appellant excepted to said qualifications. It would be of no avail to appellant to grant the second application for writ of certiorari, and it is therefore denied.

In his motion for a new trial appellant set up newly discovered evidence, and attached thereto the affidavit of the witness whose testimony he desired. The order of the court overruling the motion recites that evidence was heard. The evidence heard by the trial judge is not brought forward. Under the circumstances, this court must presume that the court's action in overruling the motion was correct, and that the trial court acted upon evidence that was sufficient to justify his action. Railey v. State, 67 S. W. (2d) 607, and authorities cited.

Second application for certiorari denied and judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—In his motion for rehearing appellant calls attention to an error in the statement of the case in our former opinion, which we now correct. After a misunderstanding between appellant and deceased over a marble machine game, deceased went to his car and was apparently about to start same with a car crank. Appellant was across the street at another car. The testimony then sharply conflicts,—that of the State asserting that appellant called deceased to come over where he was, and when this was done appellant shot deceased three times without further attack or provocation on the part of deceased. The defense testimony supports the theory that deceased made threatening remarks about appellant, and came across the street toward appellant in a threatening manner with the car crank in his hand, uttering threats to beat appellant's brains out, and that appellant shot in self-defense. This condition of conflict was submitted to the jury and by them settled, and there being sufficient testimony to support their conclusion, we would be compelled to uphold their

verdict. Appellant seems to have had considerable trouble with certain bills of exception, one of which complains of the refusal of a continuance.

In order to have the action of the lower court, in refusing a continuance, reviewed on appeal, the record before this court would have to show that a proper bill of exceptions was taken at the time of the refusal of the continuance, and that such bill was approved and filed in the lower court within the time fixed by the terms of Art. 760, C. C. P. Said article grants in express terms thirty days after the day of adjournment of the trial term in which to file bills of exception; also allows ninety days in which to file statement of facts. The trial court has power, by order properly made, to grant, for filing bills of exception, a longer time than the thirty days given by statute.

In this case the trial court overruled appellant's motion for new trial on October 27, 1933, the day before adjournment, and then made his order giving appellant fifty days "from this day" in which to prepare and file his bills of exception. As we understand this record, it is not shown or even claimed that prior to the 16th of December, 1933, on which date said fifty days expired,—any bills of exception had been filed or presented to the court below for approval. It appears that when certain bills were presented to the court below on January 9, 1934, he appended qualifications thereto and approved said bills on January 15th. Wholly regardless of the propriety or otherwise of the qualifications, this court could not consider said bills for the sufficient reason that they were not filed in the court below prior to December 16, 1933. Nothing in the record shows any attempt to procure a further extension within the fifty day period, it being within the comprehension of said statute that extension periods may be allowed provided they do not go beyond ninety days from the overruling of the motion for new trial, and provided application therefor be made within the time granted by statute, or granted by some prior order of the court.

Neither by affidavit or otherwise does appellant set up in this case that he presented to the trial court his bills of excepion within the fifty days allowed by the order of the court referred to. This being true, it seems to us entirely immaterial as to whether the qualifications appended by the court to appellant's bills be proper or otherwise. Entirely aside from the question of qualification, we could not consider the bills as said because they were not filed within said fifty day period.

Appellant cites Hall v. State, 40 S. W. (2d) 85, but we fear

he misapprehends that case in which we expressly held ourselves without power to consider a statement of facts because not filed in time.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION FOR WRIT OF CERTIORARI.

LATTIMORE, JUDGE.—Appellant files his third application for writ of certiorari. In his first application for said writ, filed in this court on January 29, 1934, he appeared to want incorporated in this record a copy of his exceptions to the qualifications of the trial judge placed on some bills of exception, also a copy of the subpoena and its return, also a copy of some affidavits made by the district clerk and his assistant. These matters were forwarded to this court and considered by us in an opinion handed down May 9, 1934. On June 6, 1934, this court overruled appellant's motion for rehearing. We considered all of his applications and documents before this court. Appellant has now filed another application for a writ of certiorari complaining of the fact that on page three of the original transcript herein the clerk makes an entry relating to his application for continuance, which appellant insists is incorrect. We fail to see the materiality or relevance of the entry of the clerk to the merits of any controversy now before this court. We can not consider the matters complained of in the absence of bills of exception taken at the time and properly filed within the time allowed by law. As stated in our opinion overruling appellant's motion for rehearing herein, handed down June 6, 1934, appellant's bills of exception were not filed within time, and his complaints are not before us.

The application for certiorari is denied.

*Denied.*