# MAY 23, 1945

BIG JACK HOLLINS V. THE STATE.

No. 23093. Delivered April 4, 1945.
Rehearing Denied May 23, 1945.

The opinion states the case.

*Mat Davis,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Unlawfully carrying a pistol is the offense; the punishment, a fine of $100.00.

Appellant, testifying as a witness, admitted that he had possession of and was carrying the pistol which the officers found in the glove compartment of the car he was driving. Such admission nullified his previous objections to a search of the car.

Appellant testified that he had the pistol on that occasion "for the purpose of it not being misplaced" and "just for the purpose of knowing where it was." He denied that he was carrying the pistol as a traveler.

Notwithstanding such admission, the trial court recognized that the defense of carrying a pistol as a traveler was raised by other testimony and pertinently submitted that defensive theory to the jury.

Complaint was made of the argument of State's counsel. According to the trial court's qualification of the bill presenting this matter, the argument was proper. Having accepted the bill as qualified, appellant is bound thereby.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he asserts that in the original disposition of this case, we erred in two respects: First, in not sustaining his contention that the search of his automobile by the officers without a search warrant was illegal and the evidence discovered as a result of the search was inadmissible; and second, that we erred in failing to take note of the exception to the court's qualification of the bill complaining of the argument of the county attorney.

The points raised in his motion will be discussed in the order in which they are presented.

If it be conceded that the search was illegal and the evidence discovered as a result of the search was inadmissible, yet the fact remains that appellant took the witness stand and admitted that he carried the pistol in question. He was not required or forced to testify. Had he stood firm in his contention that the search was illegal and not voluntarily taken the witness stand and admitted having the pistol at the time and place charged,

then a different question might have been presented. However, his admission, without regard to any evidence given by the officers, was sufficient upon which the jury could base their conclusion of his guilt. Consequently the testimony given by the officers that they found the pistol in his car could not have been more prejudicial to him than his own admission. See Kelsey v. State, 109 Tex. Cr. R. 275; Railey v. State, 67 S. W. (2d) 607; Schaefer v. State, 53 S. W. (2d) 302; also Vernon's Ann. Tex. C. C. P., Vol. 3, p. 275, note 33, and cases cited.

Now, with reference to the bill of exception complaining of the argument of the County Attorney wherein he complains that we failed to take note of his exception to the court's qualification of the bill, we most cheerfully admit that we overlooked the last sentence in the qualification which reads as follows: "To which qualification the defendant excepts." Appellant having duly excepted to the qualification, the bill must be considered as though it had not been qualified. It is our opinion that the bill, without the qualification, fails to reflect any error. The argument complained of therein was a fair and reasonable deduction from the evidence introduced upon the trial.

For the reasons herein stated, appellant's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.