**TAYLOR et al. v. McQUARY, Sheriff, et al.**

No. 2519.

Court of Civil Appeals of Texas. Eastland.

July 6, 1945.

Rehearing Denied July 26, 1945.

Dallas Scarborough, of Abilene, for appellants.

Theo Ash, of Abilene, for appellees.

LESLIE, Chief Justice.

This is a pool hall injunction case instituted by W. T. McQuary, Sheriff of Taylor County, and Theo Ash, County Attorney of Taylor County (acting for the State of Texas) against J. C. (Smiley) Taylor and R. L. (Bute) Steen to enjoin and restrain each of them from operating and maintaining a pool hall in Taylor County, Texas, in violation of the terms of Article 4668, V.A.C.S. of Texas. Taylor and Steen answered, denying the allegations in the petition for injunction. The case was tried on its merits upon an agreed statement of facts, and a final and permanent injunction was granted against the defendants.

Taylor and Steen appeal, contending that the matters charged against them constituted no violation of the pool hall law. Appellees assert that the facts evidenced by the agreement of the parties constitutes a violation of said article, and that the court's judgment granting the injunction was proper on different theories.

Article 4668, V.A.C.S., reads as follows:

"No person acting for himself or others shall maintain or operate a pool hall with-

in this State. The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, * * * in which are exhibited for hire, revenue, fees or gain of any kind, * * * any pool or billiard table * * * on which may be played pool or billiards, * * *. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. The habitual, actual, or contemplated use of any premises, place, room, building or part thereof * * * for the purpose of exhibiting any table, stand or structure of any kind described in this article may be enjoined at the suit of either the State or any citizen thereof * * *."

In their brief appellants say that they, "together with many other persons, entered into an agreement by which the pool tables were to be operated as a club"; that "it is a joint arrangement. Every fellow that belongs to this club is a party in the operation of these tables * * *."

The facts of the case, which are undisputed, are agreed to by the litigants and such agreement is adopted by the trial court as his findings of fact. In substance, the controlling facts will be referred to as the opinion proceeds.

The trial court has enjoined the appellants Steen and Taylor from further operating for hire, etc., a pool hall in the building or room at 529 Pine Street, Abilene, Texas. Prior to a recent closing of the place by said sheriff, appellant Steen owned and openly operated a pool hall as such in said building or room, and the Appellant J. C. (Smiley) Taylor was at that time Steen's employee.

In deference to the advice of said sheriff "to close said pool hall by February 1, 1945, or be prosecuted," "said pool hall was closed and on or about February 21, 1945, said place with the same pool hall equipment was reopened under the plan of a club, as herein set out." The same parties (appellants) continued to maintain and operate the place as formerly, with the exception that they now claim to operate as an alleged "athletic club." In the agreed statement they say: "We associate ourselves together for the purpose of organizing said athletic club."

The scheme or plan, according to the statement in appellant's brief, contemplates a membership of 50 persons, but the written agreement itself does not reflect that any one—not even appellants—had signed the instrument at the time of the trial, although such plan is evidently sanctioned by the named appellants. The written agreement reflects the plan by which the original pool hall (operated by appellants and under attack by the sheriff and county attorney) is now sought to be changed into a non-offending club.

The appellant Steen still rents the building in his own name and also owns the pool tables and equipment therein, but as the concern is now operated, or alleged to operate, he claims to rent the *equipment* to appellant Taylor for $75 per month. The agreed statement does not explain why Steen continues to rent the *building* in his own name and pay the rent therefor.

It will be observed that each member of the contemplated club pays or is to pay $5 per month to appellant Taylor, who in turn rents the *equipment* from Steen for the operation of the place. For that consideration, "The members then play as much pool as they like or as little as they like, and the cost to them is neither increased nor decreased, but it (pool) does control the amount of money that they pay." Said Taylor maintains and operates the pool tables and equipment and all dues are paid to him and collected by him, and as such operator he maintains the business or organization, "paying all bills and expenses and keeps for himself all other compensation *for operating and maintaining said place.*"

The agreed statement reflects the further significant fact: "It is further agreed that the principal and primary purpose of the business is the playing of pool and related games of pool, and that, *except for the pool tables and equipment, such business or club would not exist. That the main and principal game played is pool and related games.*" (All italics herein ours.)

Such facts and others found in the agreed statement as a whole bring the appellants and each of them within the plain provision of the statute defining and setting forth what constitutes maintaining and operating a pool hall for oneself and others for hire and gain of any kind. Such contention by appellees Sheriff and County Attorney is upheld in Vaiden v. State, Tex.

1012

Civ.App., 52 S.W.2d 378, 380, wherein the Court, after stating the material facts, held:

"The facts in this case bring it squarely within the prohibition of the statute for it appears from the record that appellant, 'acting' both for 'himself' and 'others,' 'maintains (and) operates' a 'pool hall,' that is, a 'room * *' * in which are exhibited for hire, revenue, fees or gain of any kind * * * any pool or billiard table.' * * * *The language of the statute is too plain and all-encompassing to admit of exceptions in cases of social or literary clubs, or any other exceptions, since none at all are expressed in the statute, or are inferable from its express provisions.*"

See also Garrett v. State, Tex.Civ.App., 51 S.W.2d 822.

■ No matter what the name of the sponsoring organization, the statute makes no exception for the operation of a pool hall in contravention of Article 4668, V.A. C.S., Gollehon v. Porter, Tex.Civ.App., 161 S.W.2d 134, 135, "The gravamen of the statutory inhibition is the operation of such an establishment for hire, revenue, fees or gain of some kind, or for advertising purposes," or the operation of such a "place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged * * *." The instant case is stronger and goes even further than the Vaiden case in reflecting a violation of said statute, in that in this case it is agreed that the Appellant Taylor maintains and operates said place where goods, wares and merchandise are sold for cash and things of value, and that such place is so maintained and operated in connection with that part of the building or room wherein is maintained and operated the pool hall and pool game equipment. In this particular the agreed statement of facts reads:

"That a shoe shine stand, a small news stand, and a tobacco sales stand is maintained in the front of such building, and said pool tables and equipment occupy the remaining part of such building; that said shoe shine stand, news stand, and tobacco merchandise are operated and maintained by the same person, J. C. (Smiley) Taylor, that maintains and operates the pool tables and equipment, and that such merchandise and shoe shine service are sold and exchanged for cash and things of value, and said pool tables and equipment are op-

erated and maintained in connection therewith."

Such facts standing alone fully justify and compel the trial court's judgment. Upon such phase of the case the opinion in the Vaiden case specifically holds:

"Moreover, as an alternative definition, 'such table' is 'used or exhibited in connection with' a 'place where goods * * * of value are sold,' and for that reason also 'shall be regarded as a place where is exhibited the same 'for hire, revenue or gain.' "

■ Expressed somewhat differently, but perhaps more clearly, said applicable rule of law is stated in 20 T.J. p. 601, sec. 2, as follows:

"The penal code makes it a criminal offense to operate and maintain a pool hall. A person may be guilty of maintaining a pool hall, although money was not paid by players for games, where the hall is used or exhibited in connection with a place where anything of value is sold or given away," citing Countee v. State, 119 Tex. Cr.R. 131, 44 S.W.2d 994.

Further, upon this phase of the testimony and this theory of the judgment, the opinion of our Court of Criminal Appeals in the Countee case holds as follows:

"There seems to be in the mind of appellant and those representing him the idea that, if he could successfully combat the proposition that money was paid by the players for the playing of games of pool in the hall in question, appellant would be entitled to an acquittal. On this point, in view of the testimony of appellant's witnesses substantially to the effect that, in the same place where the pool tables in question were kept and exhibited by appellant, and played on by the patrons of said place—there was also run by him, as part of the same business, a cold drink stand, a cigar counter, and a restaurant— we think it unnecessary to discuss or set out at length the testimony heard on the trial of this case relative to the payment of money as fees for playing pool on said tables * * *."

■ That holding fits the situation presented by the facts of this case and demonstrates that appellants are, as charged by said county officials, clearly doing that which is prohibited by the statute, the constitutionality of which has long since been established. Davis v. State, 88 Tex.Cr.R. 183, 225 S.W. 532.

Further, appellees contend that the room or place in question even though operated by appellants under some sort of club plan, is nothing more nor less than an open violation of the pool hall law, and that such club plan, if any exists, was and is only a subterfuge to circumvent said law, and that such operation, under similar or substantially the same material facts, was condemned by the opinion in McCombs v. State, Tex.Civ.App., 48 S.W.2d 665, 666.

We are of the opinion that the evidence taken as a whole reasonably yields to such construction and falls within the condemnation of said statute as interpreted and applied to the facts in the McCombs case. The evidence in the McCombs case was thus appraised: "We think enough of that testimony to authorize a finding that the association in question was a sham and a subterfuge to evade the prohibition in said article 4668 is set out in the statement above." See Allen v. State, 122 Tex.Cr.R. 4, 53 S.W.2d 481. In the light of the evidence, such implied finding logically arises from the judgment of the trial court.

The controverted issues as to whether appellants were maintaining and operating pool tables for hire, revenue or gain, or used or exhibited the same in connection with the place where anything of value is sold or given away, etc., and whether the plan itself constituted a subterfuge, were submitted to the trial court for his determination and found against the appellants on what we conclude to be sufficient testimony to support the findings. In that situation it is this court's duty to uphold the judgment. This is done in recognition of well established rules of law:

"Upon an appeal * * * every reasonable presumption will be indulged in favor of the findings of the trial court. Moreover, any doubt as to the facts raised by the evidence and any view of the law which the court could have applied under the pleadings will be resolved in support of the judgment." 3 Tex.Jur. p. 1059, sec. 747.

"It is a well recognized rule that facts necessary to support the judgment of the trial court will be presumed to have been found by the court provided that the finding was authorized by the evidence. This rule applies where there was a general finding in favor of the prevailing party * * *. The possible inference that the court decided a case on a sole issue will not be indulged to destroy the more general inference of implied finding upon every material issue submitted." 3 Tex. Jur. p. 1073, sec. 750.

For above reasons, appellants' points are overruled, and the judgment of the trial court is affirmed.