ROPER & GILLEY v. LUMPKINS et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1914. Rehearing Denied Jan. 31, 1914.)

1. INJUNCTION (§ 80*)—PURPOSE OF REMEDY—RESTRAINING LEGAL ACTION—UNCONSTITUTIONAL STATUTE.

If Acts 33d Leg. c. 74, authorizing the commissioners' court to order an election to determine whether the operation of pool rooms should be prohibited, is unconstitutional, persons having an established pool room business, which would be destroyed by the enforcement of this statute, were entitled to enjoin the holding of an election to put it into operation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 151; Dec. Dig. § 80.*]

2. MUNICIPAL CORPORATIONS (§ 993*)—PARTIES PLAINTIFF—INTEREST.

If Acts 33d Leg. c. 74, authorizing the commissioners' court to order an election to determine whether the operation of pool rooms should be prohibited, is unconstitutional, taxpayers would have the right to enjoin the commissioners from ordering an election under the statute, since the expenditure of public funds for holding the election would be unlawful, and the election would be a nullity.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. § 993.*]

3. CONSTITUTIONAL LAW (§ 70*) — JUDICIAL FUNCTIONS—STATUTES.

If a statute enacted by the Legislature is a completed law, enacted pursuant to Const. art. 3, § 1, vesting the legislative power in the Senate and House of Representatives, it can only be reviewed by the courts, except as to its construction, to determine whether it violates the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. § 70.*]

4. CONSTITUTIONAL LAW (§ 65*)—DELEGATION OF LEGISLATIVE POWER—POPULAR ADOPTION OF STATUTE.

Acts 33d Leg. c. 74, provides that the commissioners' court of each county, when they deem it expedient, shall upon petition of 10 per cent. of the qualified voters of a county, or 20 per cent. of the qualified voters of any political subdivision, such as school districts, order an election to determine whether the operation of pool rooms shall be prohibited, and, if a majority of the votes are for prohibition, shall prohibit the operation of the pool rooms within the prescribed limits until the voters shall decide otherwise by a subsequent election. The act also fixes penalties for violating the law prohibiting the operation of pool rooms, etc. *Held*, that the act was not unconstitutional as an attempted delegation of the legislative power to the electors of the subdivision named, contrary to Const. art. 3, § 1, vesting the legislative power in the Senate and House of Representatives, being a completed act as enacted by the Legislature.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 116; Dec. Dig. § 65.*]

5. CONSTITUTIONAL LAW (§ 26*) — POWER OF LEGISLATURE.

Since the Legislature may exercise all power not expressly or impliedly withdrawn from it by the federal or state Constitutions, it could enact the statute (Acts 33d Leg. c. 74) authorizing the commissioners' court, on petition, to order an election to determine whether the operation of pool rooms in the defined territory should be prohibited, as against an objection that the Constitution does not expressly authorize the Legislature to give the electors such power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 30; Dec. Dig. § 26.*]

6. CONSTITUTIONAL LAW (§ 296*)—DUE PROCESS OF LAW.

Acts 33d Leg. c. 74, authorizing local elections to determine whether pool rooms shall be prohibited, does not violate the provision of the Bill of Rights prohibiting any interference with property, etc., except by due course of the law of the land.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 825–838, 840–846; Dec. Dig. § 296.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by Roper & Gilley against J. C. Lumpkins and others for an injunction to restrain the holding of an election. From judgment for defendants, plaintiffs appeal. Affirmed.

Jones & Hassell, of Sherman, for appellants.

RASBURY, J. On and prior to the session of the Thirty-Third Legislature, the business of conducting and operating pool or billiard rooms was authorized by law, and an occupation tax levied thereon. Article 7355, subd. 8, R. S. 1911. The regular session of the Thirty-Third Legislature passed an act (chapter 74, p. 136, General Laws) which in substance provided that the commissioners' court of each county in the state may, when they deem it expedient, and shall, when petitioned by 10 per cent. of the qualified voters of a county, or a number of the voters equal to 20 per cent. of the qualified voters of any political subdivision, such as two or more complete commissioners' or justice's precincts, or school districts, order an election to be held by the qualified voters of such county or political subdivision to determine whether or not the operation of pool rooms as defined by the act shall be prohibited in such county or political subdivision. The act, in detail, provides the manner and method of holding the election, the character of ballot to be used for safeguarding same, etc., and further provides that the commissioners' court shall meet on the eleventh day after the election, or as soon thereafter as practicable, and count the votes, and, if a majority of votes are for prohibiting pool rooms, the court shall make an order prohibiting the operation and maintenance of pool halls within the prescribed limits until the qualified voters shall, by subsequent election in the manner provided by other portions of the act, decide otherwise. The act further defines pool halls, fixes penalties for violation of the law prohibiting the operation thereof, authorizes the writ of injunctions for the enforcement of the law, and also fixes the time and manner in which subsequent elections may be held.

In compliance with the foregoing act, J. C. Lumpkins, county judge, and Messrs. Ruther-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ford, Chapman, Carroll, and Delk, county commissioners of Ellis county, acting as the commissioners' court of said county, ordered an election to be held therein to determine whether the operation of pool rooms should be prohibited in said county, and directed the clerk of the court to publicly post notices that such election would be held in said county, which was done, and the notice given wide publicity in the county, in the manner provided by the act. Prior to the time set for the election, and after the publishing of the •notice by the clerk, appellants applied to Hon. F. L. Hawkins, judge of the Fortieth judicial district, for an injunction restraining the officers named from holding such election, which was denied, and, from which action, this appeal is taken. Appellees have filed no brief.

[1] It is sufficient to say, with reference to the pleading, that appellant charged the act to be unconstitutional, and averred that he was entitled to relief by injunction, because by the application it was made to appear that the calling of said election was an unlawful interference with appellant's pool room then being operated in said county. If the law is unconstitutional, as alleged, then appellant was entitled to the writ, since the damage alleged was probable if the election was held is not denied. M., K. & T. Ry. Co. of T. v. Shannon et al., 100 Tex. 379, 100 S. W. 138, 10 L. R. A. (N. S.) 681. In the case cited our Supreme Court say, in effect, that our courts may enjoin state or county officers from enforcing legislative enactments claimed to be unconstitutional when it is made to appear that the officers are about to do some act thereunder which will be an unlawful interference with the complainant's rights. The facts urged as establishing an interference with appellants' rights were that long prior to the passage of the act and the ordering of the election appellants had conducted in said county a pool room, and for that purpose had become and were the owners of valuable property, consisting of pool and billiard tables, balls, racks, cues, etc., and had as well built up and controlled a valuable patronage, from the public, which said`law sought to and would impair and destroy to their damage in the sum of $4,250.

[2] Appellants further alleged that they were property owners and taxpayers in Ellis county, and that appellees had spent a large sum of money from the tax fund of the county in arranging for said election, and would spend further sums in holding same, and, the law being unconstitutional, they were, as taxpayers, entitled to the writ of injunction against the appellees. If the law is unconstitutional, any election held thereunder would be a nullity, and the expenditure of public funds for that purpose would be unlawful, and appellants would be entitled to the writ, and the suit could be maintained on that ground. City of Austin v. McCall, 95 Tex. 565, 68 S. W. 791.

Being of opinion, then, that the suit was properly brought, and that the writ of injunction should have been issued, if the law is unconstitutional as urged, we come to the consideration of that exact question. The first claim in that respect is that the act is unconstitutional because it is an attempt by the Legislature to delegate its lawmaking power to the electorate in the several political subdivisions named therein. Section 1, art. 3, of our Constitution provides that the legislative power of the state shall be vested in the Senate and House of Representatives. This provision, it has been held, places exclusively in the Legislature the right possessed by the citizens of the state to enact laws under the Constitution, and each act or statute, in order to meet the demands of the Constitution, must emerge from the hands of the legislators a finished and complete law.

[3] A law so enacted by the Legislature can be reviewed by the courts upon but the single point that it violates the Constitution. Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488.

[4] Considered from the standpoint stated, we are of opinion that the act here complained of meets the rule in every particular so far as it pertains to the right intended to be conferred upon the citizens of the political subdivisions named therein, and the authority conferred upon the commissioners' court to order the election, and the various courts and officers to enforce same when occasion demands. The act passed the Senate and House by the required majorities, and was approved by the Governor. It does not by its terms confer upon the electorate any legislative power. It provides that the commissioners' court may, in the exercise of its judgment, and shall, upon demand of a given number of voters, order an election for the purpose of prohibiting the operation of pool rooms. It does not provide that the people shall say by their votes whether or not they desire the Legislature to pass an act conferring upon them the right contained in the act. The Legislature has presented such an act, complete and finished in every detail. The act does not permit the electorate to say by their votes whether they approve or disapprove the right conferred. They had and were given no voice in that matter except by virtue of any representation they had in the Legislature. The right to prohibit the operation of pool rooms is clearly conferred by the act itself, and the only step necessary to be taken by the people in order to secure the benefits of the act in the political subdivisions named is for the officials charged therein with such duty to order an election. Hence it can be safely said that the act in no respect attempts to confer upon the electorate the lawmaking power of the Legislature. Every detail of the act is complete, and the people may in no respect add to or take from its provisions, but are merely given the right to vote upon whether the law, as

passed, shall be put in operation in the subdivisions named. The act, in our opinion, is dissimilar to the law construed in State v. Swisher, 17 Tex. 441, where the law was held to be unconstitutional, on the ground that it left to the voters the determination of whether or not licenses should be issued to liquor dealers. Justice Lipscomb, in writing the opinion, said the principal objection to the act was that it was referred to the voters for ratification before it became a law. The law under discussion is not subject to that objection, since the right to prohibit the business is complete by the act itself, and there is only left to the determination of the people whether they will exercise the power conferred. The vesting of such discretion in the people is held not to be a delegation of the lawmaking power, for the reason that the discretion imposed involves the exercise of the power as distinguished from its creation. Johnson v. Martin, 75 Tex. 33, 12 S. W. 321.

[5] But it is urged, in effect, that the act is null and void, for the reason that it is repugnant to the Constitution, since that instrument does not, in express terms, permit the Legislature to confer upon the electorate the right, power, or discretion contained in the act. For the reasons stated, we are of opinion that the act under discussion is a complete affirmative law, and only lodges with the voters a discretion relating to the exercise of its powers; at the same time it may not be said that the Legislature is without authority to grant to the several political subdivisions of the state only such powers as are expressly granted by the Constitution, since it has been said by our Supreme Court that, "except in the particulars wherein it is restrained by the Constitution of the United States, the legislative department may exercise all legislative power which is not forbidden, expressly or by implication, by the provisions of the Constitution of the state." Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488.

[6] It is also urged that the law is in violation of that portion of the Bill of Rights that inhibits any interference with the life, liberty, property, etc., of the citizen, except by the due course of the law of the land. We have stated our reasons for holding the law to be one not inhibited by the Constitution, and, if we are correct in our views in that respect, a corollary thereto is that due course of law was observed in its enactment.

The judgment is affirmed.