WATSON et al. v. COCHRAN, County Judge.
(No. 8150.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 28, 1914.)

1. CONSTITUTIONAL LAW (§ 68*)—INJUNCTION (§ 85*)—ELECTIONS—DECLARATION OF RESULT.

The courts have no power to enjoin the county court or judge from publishing election returns and declaring the result thereof pursuant to statute, irrespective of the validity of the statute.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. § 68;* Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

2. COURTS ( 90*)—CONTROLLING DECISIONS.

A decision of the court of criminal appeals adjudging constitutional Vernon's Sayles' Ann. Civ. St. 1914, arts. 6319a–6319n, providing for local option elections to determine whether pool halls shall be prohibited in a county or any subdivision thereof, will be followed by a Court of Civil Appeals, especially where another Court of Civil Appeals has also decided that the statute is valid, for the Court of Criminal Appeals has final jurisdiction in the determination of criminal prosecutions arising under the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. § 90.*]

3. INJUNCTION (§ 80*)—ADEQUACY OF REMEDY AT LAW.

Irregularities which may be invoked in a proceeding to contest a local option election to determine whether pool halls shall be prohibited in a county as provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 6319k, are not grounds for an injunction to restrain the county court from publishing the result of the election and entering an order declaring the statute effective in the county.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 151; Dec. Dig. § 80.*]

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Action by Charles W. Watson and others against John H. Cochran, Jr., County Judge. From a judgment denying a temporary injunction, plaintiffs appeal. Affirmed.

W. E. Ponder, of Mt. Pleasant, and A. B. Yantis, of Sweetwater, for appellants. Chas. W. Lewis and Geo. T. Wilson, both of Sweetwater, for appellee.

DUNKLIN, J. By the Acts of the Legislature of 1913 (Acts 33d Leg. c. 74) appearing in 4 Vernon's Sayles' Tex. Civ. Statutes as Title 107A, it was provided that the commissioners' court of any county in the state

"may when they deem it expedient, and shall when petitioned by ten per cent. of the qualified voters of the county or a number of the qualified voters, equal to twenty per cent. of the qualified voters of any political subdivision" mentioned in the act, order an election to be held to determine whether or not pool halls shall be prohibited in such county or subdivision thereof. The act then gives directions for the holding of such an election and by article 6319m, the same being section 14 of the act, it is provided that, if it be determined by a majority vote at such election that pool halls shall be prohibited, the district judge of such district may, upon application of the county attorney or district attorney, enjoin the operation of such halls. It is further provided by the act that, when such election results in favor of the prohibition of such pool halls, the operation of a pool hall within the territory in which such prohibition applies shall be punished by fine or imprisonment in the county jail.

This suit was filed by Chas. W. Watson and E. Cranfill in the district court of Nolan county against the county judge of said county, alleging that under the statute above mentioned an election was held on September 12, 1914, in Nolan county to determine whether or not the operation of pool halls should be prohibited in that county; that at such election 394 votes were cast for, and 280 votes against, prohibition of pool halls. It is further alleged that the election was held in compliance with the petition theretofore presented to the commissioners' court of Nolan county signed by the requisite number of qualified voters of the county. Plaintiffs further alleged that they were resident citizens, qualified voters, property owners, and taxpayers in said county; that they each were owners of a pool hall interest in that county in which they had invested large sums of money prior to said election; and that the prohibition of their said business would result in great financial loss and irreparable injury to them. They prayed for a writ of injunction restraining the defendant county judge from publishing the result of said election and from entering an order declaring the statute above mentioned effective in Nolan county, as required of him by articles 6319f and 6319g. The trial judge sustained general and special demurrers to the petition and refused plaintiffs' application for a temporary writ of injunction based thereon. From that order plaintiffs have appealed.

The principal contention made by appellants' assignments is that the pool hall statute referred to above is unconstitutional and void because it involves a delegation of legislative authority to counties and subdivisions thereof. In other words, that it delegates to counties and subdivisions of counties authority to enact a law prohibiting the operation of pool halls contrary to article 2, §

1, and article 3, § 1, of the Constitution, limiting the power of enacting laws exclusively to the Legislature, and that it delegates further to such counties and subdivisions thereof authority to suspend a law of the state contrary to article 1, § 28, of the Constitution, prohibiting the suspension of laws of the state by any authority except the Legislature, in that it revokes plaintiffs' lawful right theretofore existing under the laws of the state of pursuing a business not prohibited by any law and expressly recognized as lawful by the statutes imposing a license tax thereon. The further contention is made that the statute is in conflict with article 1, § 19, of the state Constitution, providing that no citizen shall be deprived of his property, his privileges, or immunities, except by due course of law, and is a violation of the fourteenth amendment to the Constitution of the United States, prohibiting the enactment of any law by the state depriving any person of life, liberty, or property without due process of law, or denying to any person within its jurisdiction the equal protection of the laws.

[1, 2] In City of Austin v. Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114, and in Wade v. Nunnelly, 19 Tex. Civ. App. 256, 46 S. W. 668, it was held that an injunction will lie to restrain the enforcement of a void city ordinance where it is shown that the enforcement of the ordinance would result in irreparable injury to the applicant. It will be observed that in the two cases cited the injunctions granted were to restrain the enforcement of void ordinances, while in the present case plaintiffs seek to enjoin the county judge from publishing the returns of the election and making an order declaring the results thereof, as required of him by articles 6319f and 6319g, Vernon's Sayles' Tex. Civ. Stat. In City of Dallas v. Dallas Consol. Elec. St. Ry. Co., 148 S. W. 292, our Supreme Court held that courts have no power to enjoin the performance of such statutory duties, even though the statute be unconstitutional and void and even though parties complaining thereof may have a proper remedy against the enforcement of such a statute. This of itself would seem to be a sufficient answer to the assignments now under discussion. The constitutional objections to the statute noted already were discussed and overruled in the case of Roper & Gilley v. Lumpkins, 163 S. W. 110, by the Court of Civil Appeals for the Fifth District, and in Ex parte Francis, by the Court of Criminal Appeals reported in 165 S. W. 147. In the case last cited Justice Davidson filed a very forceful argument against the constitutionality of the statute, but as that court is a court of final jurisdiction for the determination of criminal prosecutions arising under the statute, and as it is in the interest of public policy that harmony, and not conflicts, should prevail between the decisions of that court and our Supreme Court and

Courts of Civil Appeals upon the same statutes, we feel that, if it were incumbent upon us to determine the question of the constitutionality of the statute, we should follow the decisions above cited without attempting a discussion of the merits of the arguments advanced in support of the majority and minority opinions rendered in Ex parte Francis.

[3] It was further alleged in the petition, as a basis for the injunction sought, that the officers holding the election gave erroneous advice to several voters as to how to make out their ballots, thus causing many voters through misunderstanding to erase the words appearing on the ballots, "Against the Prohibition of Pool Halls," leaving on such ballots, "For the Prohibition of Pool Halls," when they intended to vote against the prohibition of such halls, and would have done so, but for such erroneous instructions by such officers of the election. Plaintiffs further allege that but for such erroneous instructions a majority of the votes polled would have been cast against the prohibition of pool halls. They alleged that they had been informed and believed such erroneous ballots had been cast at all the voting boxes in the county, that they were not advised of the names of such voters except two, but that they were informed that the officers holding the election would testify that such erroneous instructions were given by them.

If these allegations are true, they constitute irregularities which could have been invoked in a proceeding to contest the election as provided by article 6319k, Vernon's Sayles' Tex. Civ. Stat., and hence did not constitute proper grounds for the injunction prayed for, by reason of that fact, and for the further reason that the acts of the county judge sought to be enjoined were statutory duties, which under the rule announced in City of Dallas v. Dallas Consol. Elec. St. Ry., supra, could not be enjoined even though it should appear that the election, if contested, would be declared invalid by reason of such irregularities.

The judgment is affirmed.