## McCOMBS et al. v. STATE.

### No. 4247.

Court of Civil Appeals of Texas. Texarkana.

March 24, 1932.

advertising purposes of any kind, any pool or billiard table or stand or structure of any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. The habitual, actual, or contemplated use of any premises, place, room, building or part thereof or tent, or any kind or character of enclosure similar to those named, or any uninclosed open space for the purpose of exhibiting any table, stand or structure of any kind described in this article may be enjoined at the suit of either the State or any citizen thereof. The Attorney General of this State, or any district or county attorney, or any citizen of any county in which any pool hall is maintained, operated or contemplated may, either in term time or vacation, apply to the district judge of the district in which is located the place where such pool hall is maintained, operated or contemplated, or to any district judge in Travis County, for an injunction to prohibit the maintenance and operation of any such pool hall. Such judge upon the presentation of a petition for such injunction shall issue a temporary injunction or restraining order, and, if upon final hearing thereof the fact be shown that the defendant is guilty of keeping, maintaining, or operating a pool hall, or of contemplating such act, the court before which the case is tried shall grant a permanent injunction against such party as prayed for in the petition. Any person operating or contemplating the operation of any pool hall in violation of any provision of this article, or anyone aiding or abetting such person may be made a party defendant in such suit."

The argument in support of the contention is that to entitle appellee to the injunction granted by the judgment it must have appeared, and did not, that appellants could have been prosecuted criminally for a violation of the statute just set out, and punished by a fine or by imprisonment in a jail as provided by article 653 of the Penal Code. Appellants cite State v. Duke, 104 Tex. 355, 137 S. W. 654, 138 S. W. 385, as a case supporting that view of the matter. We do not think it does, but, if it should be conceded it did, we do not think the contention should be sustained; for we see no reason, and appellants have suggested none, why it should be held that the evidence heard at the trial would not have warranted a conviction for a violation of said statute. We think enough of that testimony to authorize a finding that the

Mayfield & Grisham, of Tyler, for appellants.

Ernest Goens and Nat Gentry, Jr., both of Tyler, for the State.

WILLSON, C. J. (after stating the case as above).

In their brief appellants insist it did not appear from appellee's petition nor from the evidence that appellee was entitled by force of provisions in article 4668, R. S. 1925, on which the suit was based, to the relief granted by the judgment from which the appeal was prosecuted. Said article 4668 is as follows: "No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for

association in question was a sham and subterfuge to evade the prohibition in said article 4668 is set out in the statement above. As we construe the record, there is no error in the judgment, and it is affirmed.