**VAIDEN et al. v. STATE.**

No. 8859.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1932.

Rehearing Denied Aug. 1, 1932.

Abney & Whitelaw, of Brownsville, for appellants.

M. R. Hall, of Brownsville, for the State.

SMITH, J.

This appeal is from an order overruling a motion to dissolve a temporary injunction restraining appellants, E. E. Vaiden and Louis Crixell, from operating a "pool hall" in the city of Harlingen, in alleged violation of article 4668, R. S. 1925. The injunction was granted at the instance of the county attorney, acting in behalf of the state.

The injunction was granted, and dissolution thereof refused, upon the ground that appellants were operating a pool hall as defined and prohibited by article 4668, the pertinent provisions of which are as follows: "Art. 4668. *Pool halls.*—No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'Pool Hall,' as used herein, includes any room * * * in which are exhibited for hire, revenue, fees or gain of any kind, * * * any pool or billiard table. * * * Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. * * *"

It is further provided that the operators of such pool halls may be enjoined at the instance of the county attorney, as was done here.

The injunction rests entirely upon bill and answer. The petition of the state contains no affirmative allegations of fact other than that appellants "are now in lawful possession" of a certain room in Harlingen "which is being used by defendants in the operation of a pool hall, as that term is defined by the laws of the State of Texas, and in violation of said laws." Whether these very general conclusions were sufficient to warrant the granting of the injunction is neither here nor there in this inquiry, but certainly they were not alone sufficient, in the face of sworn denial, to warrant the continuation of the injunction. We are therefore relegated to the allegations, and admissions of fact in appellants' verified answer, in determining the merits of the case. From that answer the following facts are apparent:

Appellants operate the pool hall in question as officers or agents of the Delta Amusement Club, No. 1, a domestic corporation chartered, according to its application therefor, "for the purposes of carrying on and maintaining innocent sports and amusements, such as wrestling, boxing, and such other athletic exercises and innocent sports and amusements as are or may be most conducive to the health and enjoyment of its members, and to provide and maintain suitable rooms and quarters for carrying on such indoor amusements and sports as are provided for under the laws of the State of Texas."

The corporation has no capital stock, but, as further stipulated in its application for charter:

"This corporation will have no capital stock, but it is the purpose of this corporation to acquire from the proceeds derived from membership subscriptions certain goods and chattels which will be necessary to carry on the purposes above mentioned, which goods and chattels will amount to about Two Thousand ($2,000.00) Dollars in value.

"It is the purpose of this corporation and the intention of the incorporators thereof to equip certain club rooms in the city of Harlingen, and such other cities and towns in Texas as shall be by its directors deemed advisible, and to maintain the same by assessing and collecting from its members sufficient amounts to carry out the purposes of the organization."

The organization is composed of elected members, who pay a membership fee for the privilege of using the club's facilities situated in the organization's club room, and available only to members of the club. The controlling facts are that appellants are operating pool and billiard tables in said club room, for the use of which the club members pay fixed fees, of 5 cents a game for pool and 60 cents per hour for billiards; that in conjunction therewith appellants also operate in the same room a news, tobacco, and confectionery stand, selling the products thereof to the club members frequenting the room.

The appeal presents the bald question of whether, under the facts stated, the activities carried on in appellants' club room con-

stitute a "pool hall" as defined and denounced in article 4668.

The precise question, presented upon substantially the same facts, has recently been decided adversely to appellants by our Court of Criminal Appeals in Countee v. State, 44 S.W.(2d) 994; and as that court has "final jurisdiction * * * of criminal prosecutions arising under the statute, and as it is in the interest of public policy that harmony, and not conflicts, should prevail between the decisions of that court and our Supreme Court and Courts of Civil Appeals upon the same statutes" (Watson v. Cochran (Tex. Civ. App.) 171 S. W. 1067, 1068), we feel bound by the decision of that court upon this question. It is appropriate to add that it is our opinion, aside from the reasoning of the court in the Countee Case, that the facts in this case bring it squarely within the prohibition of the statute for it appears from the record that appellant, "acting" both for "himself" and "others," "maintains (and) operates" a "pool hall," that is, a "room * * * in which are exhibited for hire, revenue, fees or gain of any kind * * * any pool or billiard table." Moreover, as an alternative definition, "such table" is "used or exhibited in connection with" a "place where goods * * * of value are sold," and for that reason also "shall be regarded as a place where is exhibited the same for hire, revenue or gain." The language of the statute is too plain and all-encompassing to admit of exceptions in cases of social or literary clubs, or any other exceptions, since none at all are expressed in the statute, or are inferable from its express provisions.

The foregoing conclusions are in accord with the holding of the Court of Civil Appeals of the Ninth District, in an opinion published since this opinion was written. McCombs v. State (Tex. Civ. App.) 48 S.W.(2d) 665, 667.

The judgment is affirmed.