

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 16, 1939

Hon. Sam Bain
County Attorney
Leon County
Centerville, Texas

Opinion No. 0-792

Re: Pool halls.

Dear Sir:

  This Department is in receipt of your letter of May 9, 1939, wherein you request our opinion as to whether or not the proposed enterprise, set out in your letter, would be a pool hall and would be prohibited by the terms of Article 653 of the Penal Code of Texas. We quote from your letter as follows:

  "We have a situation as follows in this city:

  "The owner of a building has the same and is not being used for any other purpose. He wishes to place two pool tables and a domino table in this building and form a club of members who will pay dues of approximately $1.00 each per month. A large part of the dues will necessarily go to a person to take care of the tables and janitor service.

  "There will be nothing else in same and nothing for sale. Members will pay by the month and not by the game.

  "Would this be prohibited by the terms of Art. 653 of the Penal Code?"

  Article 653 of the Penal Code of Texas reads as follows:

  "Operating pool hall. Whoever shall operate or maintain a pool hall, as that term is defined by the laws of this State, shall be fined not less than twenty-five nor more than one hundred dollars or be confined in jail not less than one month nor more than one year. Each day of such violation shall be a separate offense."

  Article 4668, Revised Civil Statutes of Texas reads as follows:

  "No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'pool

hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any enclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billiard table or stand or structure of any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. The habitual, actual, or contemplated use of any premises, place, room, building or part thereof or tent, or any kind or character of enclosure similar to those named, or any uninclosed open space for the purpose of exhibiting any table, stand or structure of any kind described in this article may be enjoined at the suit of either the State or any citizen thereof. The Attorney General of this State, or any district or county attorney, or any citizen of any county in which any pool hall is maintained, operated or contemplated may, either in term time or vacation, apply to the district judge of the district in which is located the place where such pool hall is maintained, operated or contemplated, or to any district judge in Travis County, for an injunction to prohibit the maintenance and operation of any such pool hall. Such judge upon presentation of a petition for such injunction shall issue a temporary injunction or restraining order and, if upon final hearing thereof the fact be shown that the defendant is guilty of keeping, maintaining, or operating a pool hall, or of contemplating such act, the court before which the case is tried shall grant a permanent injunction against such party as prayed for in the petition. Any person operating or contemplating the operation of any pool hall in violation of any provision of this article, or anyone aiding or abetting such person may be made a party defendant in such suit."

On February 22, 1919, this Department held in an opinion written by Hon. John C. Wall, Assistant Attorney General of Texas, to Hon. Barton H. Royson, that a canteen of a company of United States Marine Corps may not operate pool tables and charge soldiers a small fee therefor, even though the fee goes back into the canteen fund. We quote from said opinion as follows:

"The fees paid by the soldiers for the use of the pool tables mentioned in your letter would constitute

'fees or gains of any kind' as those terms are used in
the act. They are things of value and 'go to the can-
teen fund, which fund is used for the purchase of sup-
plies or amusements.'

"You will readily see that to make a different
holding you would permit a person or association of
persons to rent a building or hall, purchase billiard
and pool tables and operate the same for hire, provid-
ed only that the fees charged for the use of such pool
or billiard tables were used for the payment of the rent
of such building or hall, the purchase price of the tables,
the up-keep of the tables and the care and supervision
of the building or hall, and this would defeat the evident
purpose and intention of the act."

On March 31, 1920, this Department held in a conference
opinion, written by E. F. Smith, Assistant Attorney General, addressed
to A. T. Pribble, which held that a so-called club which charges a mem-
bership fee or annual or monthly dues, and its principal business is to
afford an opportunity to its members to play pool and billiards, was a
public pool hall within the meaning of Section 1, of Chapter 14, Acts of
the 36th Legislature, and therefore, unlawful. We quote from said opin-
ion as follows:

"I have your letter of March 29th, addressed to the
Attorney General, wherein you request an opinion of this
Department with reference to clubs maintaining and oper-
ating pool and billiard tables.

"In reply, you are respectfully advised that it is
a violation of the law for anyone to maintain and operate
pool and billiard tables for hire, that is, to charge a fee
for the use of the facilities afforded for playing the game
of pool or billiards, or to maintain and operate pool and
billiard tables in connection with any place of business
where goods, wares or merchandise or other things of
value are sold or given away, or to maintain and operate
pool and billiard tables for advertising purposes.

"A bona fide social or business club may main-
tain and operate pool and billiard tables for the use of
its members provided that no fee is charged for playing
the game and the tables are not operated in connection
with the sale or the giving away of anything of value, or
for advertising purposes.

"By bona fide club, as above used, we mean a so-
cial or business organization which maintains and operates

It would be unlawful for a club, to maintain and operate pool and billiard tables, which was organized for the purpose or whose principal purpose in organizing would be to afford its members an opportunity to play pool and billiards and which charged a fee for membership or that charged monthly or annual dues. Such an organization would be conducting a pool hall for hire just as much so as if a fee was charged for the privilege of playing each game.

"In determining whether a club is a 'bona fide' club or merely an attempt to evade the law prohibiting pool halls, a good test is: Would the club be organized and maintained if the game of pool and billiards were omitted from the amusement offered the members? If the pool and billiard tables are merely incidental to the main purpose of the club, their removal would not seriously affect the purpose for which the club was organized. On the other hand, if the purpose of the club is merely to afford an opportunity for its members to play pool and billiards, the removal of the pool and billiard tables from the clubroom would discard the purpose for which the club was organized.

"By applying this test, we are of the opinion that the prosecuting officers of the state will have no difficulty in determining for themselves or of convincing the courts and juries of the state as to whether or not a club is maintaining pool and billiard tables in violation of Chapter 14, Acts of the Regular Session of the 36th Legislature, known as the 'Pool Hall Law.'"

In the case of McCombs et al vs. State, 48 SW (2nd) 665, the state sought an injunction against McCombs et al to enjoin them from operating a pool hall under Article 4668, supra. The defendants answered that they were employees and managers of the Tyler Recreational Club, duly organized, maintained and operated as a recreational club for the exclusive use of the members of said club and not to serve the general public. The evidence disclosed that the alleged club procured an outfit consisting of six pool tables, one snooker table, two bowling alleys, a lounging parlor, reading room, desks, chairs, and etc. Only members of the club could use the pool and snooker tables for which they paid membership fees. The witness, McCombs, testifying in his own behalf swore that no fee was paid directly for the use of the pool tables. There was no evidence offered to show that anything was sold on the premises. The appellate court used the following language:

"We think enough of the testimony to authorize a finding that the association in question was a sham and a subterfuge to evade the prohibitions in said Article 4668."

The case of Vaiden et al vs. State, 52 SW (2nd) 378, expressly approves the holding in the McCombs case above. The court in the Vaiden case uses the following language:

"It is appropriate to add, that it is our opinion, aside from the reasoning in the Countee case (44 SW 2nd 994) that the facts in this case bring it squarely within the prohibition of the statute, where it appears from the record that appellant 'acting' both for 'himself' and 'others', 'maintained' (and) operates a 'pool hall', that is a 'room' . . . in which are exhibited for hire, revenue, fees or gains of any kind . . . any pool or billiard table."

Article 4668, supra, which defines pool halls, is a very broad and comprehensive statute. The Legislature in writing this statute undoubtedly took into consideration that ingenious human beings would doubtless attempt to evade this statute by sham, evasion and subterfuge, and in order to prevent this evasion, the Legislature therefore, set up the all encompassive provisions in this statute for the purpose of accomplishing the purposes desired and to prevent and cure the "pool hall evils."

You are therefore, respectfully advised that it is the opinion of this Department that the owner of the building mentioned in your letter who proposed to place two pool tables and a domino table therein, forms a club of members who would pay dues of approximately $1.00 each per month and not by the game, a large part of the money going to a person to take care of the tables and janitor service, with nothing else in the building and nothing for sale, would be operating and maintaining a pool hall as defined by Article 4668, Revised Civil Statutes of Texas, and would be in violation of Article 653, Penal Code of Texas.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

W JF:AW/cm

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By /s/ GRL
Chairman